EDWIN A. LOMBARD, Judge.
hThe defendant, Riynell Jackson, appeals from his adjudication and sentencing as a third offender. After review of the record in light of the arguments of the parties and applicable law, we vacate the defendant’s adjudication and sentencing as a third offender, adjudicate him as a second offender, and remand the matter to the district court for resentencing.

Relevant Facts and Procedural History

On March 31, 2005, the defendant was convicted by a twelve-person jury of possession with the intent to distribute heroin and on April 12, 2005, he was sentenced to serve twenty years at hard labor without benefit of parole, probation, or suspension of sentence. The court dismissed the multiple bill filed by the State and the State noted its objection. On appeal, this court affirmed the defendant’s conviction, amended his sentence to delete the erroneous prohibition of parole eligibility, reversed the trial court’s dismissal of the multiple bill, and remanded the case for further proceedings on the multiple bill. State v. Jackson, 2005-1281 (La.App. 4 Cir. 11/29/06), 947 So.2d 115, writ denied, 2007-0024 (La.9/14/07), 963 So.2d 996.
|.¿After a hearing on June 19, 2008, the district court found Jackson to be a third offender, vacated his original sentence, and resentenced him to serve thirty-three years and four months at hard labor. The defendant’s motion to appeal was granted and, in addition to counsel’s brief filed on his behalf, the defendant has filed a pro se brief.

Discussion

In his sole assignment of error, counsel for the defendant contends that the trial court erred by adjudicating the appellant as a third offender when the State only presented evidence for a finding that he was a second offender. The State concedes this claim.
A review of the record reveals that the multiple bill in this case alleged three prior convictions: 366-625E, to which the defendant pleaded guilty to manslaughter; 366-499, to which he pleaded guilty to armed robbery; and 359-752, to which he pleaded *133 guilty to possession of crack cocaine. At the multiple bill hearing, the State presented: (1) fingerprints taken from the appellant on the morning of the hearing; an arrest register containing fingerprints on the back, for an arrest for armed robbery; an arrest register containing fingerprints on the back, for an arrest for possession of crack cocaine; and a “pen pack” from the Department of Corrections containing various documents, including docket master entries, minute entries, and commitment sheets to the D.O.C. for three cases, one involving an armed robbery, one involving possession of crack cocaine, and one involving manslaughter, as well as a fingerprint card. The State’s expert in the examination and comparison of fingerprints testified that the fingerprints taken from the appellant on the morning of the hearing, matched those on the arrest registers and the fingerprint card. He also indicated that the information in the lsarrest registers matched the information included in the documents for two of the cases included on the fingerprint card. As there was no arrest register for the manslaughter case, the witness was unable to show a match for that prior conviction.
After cross-examination of the witness, defense counsel noted that although three prior convictions were alleged in the multiple bill, the State presented identity evidence as to only two, the armed robbery and the possession of crack cocaine. Counsel then noted that the documents presented by the State did not prove that the defendant was advised of his Boykin rights and voluntarily waived them prior to pleading guilty. Counsel noted that the State failed to present either the plea of guilty forms or the transcripts of the pleas. Counsel additionally noted that there was no minute entry as to the cocaine guilty plea, merely a docket master entry that noted that the defendant appeared with counsel and pleaded guilty. It did not indicate that the court advised the defendant of any rights. The State responded that the fingerprints were on the arrest registers (which were only for the armed robbery and the cocaine possession), and it further noted that the minute entries for the armed robbery and the manslaughter pleas showed that the defendant was advised of his rights and waived them prior to pleading guilty to those two offenses. The State acknowledged that the entry for the cocaine possession case did not mention the advisement of any rights. The court then found the defendant to be a third offender, based on the prior pleas to armed robbery and cocaine possession.
The exhibits introduced at the multiple bill hearing are not contained in the record. However, the State’s admissions at the hearing show that there was no arrest register with fingerprints for the manslaughter plea; thus, the State was |4unable to show identity as to that prior plea. The transcript also shows that there was no entry for the cocaine plea showing that the defendant was advised of his rights and waived them prior to pleading guilty to possession of cocaine. Thus, the only prior conviction for which the State proved both identity and a valid plea was for the armed robbery conviction. Therefore, as conceded by the State, the State only proved that the defendant was a second offender, see State v. Shelton, 621 So.2d 769, 779-780 (La.1993) (discussing State’s burden of proof in multiple bill proceedings), and the trial court erred by finding him to be a third offender and sentencing him as such. This assignment of error has merit.

Pro Se Assignments of Error

In his two pro se assignments of error, the defendant argues that counsel was ineffective at the multiple bill hearing because he failed to prepare adequately *134 for the hearing and failing to object to the voluntariness of the prior guilty pleas. To succeed on an ineffective assistance claim, the defendant must show that that counsel’s performance was deficient, that this deficiency prejudiced him, and that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment of the U.S. Constitution. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 693,104 S.Ct. 2052.
Our review of the record, including the transcript of the multiple bill hearing, does not support defendant’s claim of ineffective assistance. The [^transcript indicates that counsel adequately prepared for the hearing and that he objected to the lack of any showing of the advisement of rights as to one of the prior convictions. On May 29, 2008, almost a month before the hearing, counsel filed a reply to the multiple bill wherein he noted that the State had not provided any documentation concerning the prior conviction. At the hearing, counsel vigorously argued that the State should have produced the transcripts and the plea forms for all three prior convictions. He also argued that there was no showing of the advisement of rights as to the cocaine plea, a fact that is now conceded by the State. Counsel also objected to the fact that identity was shovm only as to two of the offenses. The transcript indicates that the minute entries as to the other two offenses, the armed robbery and the manslaughter, showed the advisement and waiver of rights prior to those pleas. Thus, even though counsel objected that the State did not produce the transcript and plea forms in any of the three cases, there was no “error” for counsel to raise as to the armed robbery and manslaughter pleas with respect to the knowing and voluntary waiver of rights in those cases.
The defendant argues, however, that counsel should have obtained the transcripts and plea forms from all three cases in order for counsel to “have a chance to prove” that these pleas were not knowingly and voluntarily given. This argument is mere speculation on the defendant’s part. The transcript of the multiple bill hearing indicates that counsel correctly argued that identity was not shown as to the manslaughter case and that the advisement and waiver of rights were not shown as to the cocaine case. The defendant does not point to any specific error that counsel could have shown that he did not argue. As such, counsel’s representation does not appear to be ineffective and the defendant’s pro se assignments have no merit.
| Conclusion
In accordance with the foregoing, we vacated the district court’s adjudication and sentencing of the defendant as a third offender, adjudicate him as a second offender, and remand the matter to the district court for resentencing.
VACATED AND REMANDED.